KENNETH M. WEINFIELD (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689
EMAIL:  ken@chauvellaw.com

Attorneys for Plaintiff Tavershima Shande

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVERSHIMA SHANDE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOOX, INC, a Delaware corporation,<br><br>Defendant. | Case No. 3:22-cv-05821-SI<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>1) **Violation of 17 U.S.C. § 512**<br>2) **Infringement of Exclusive Copyright Interest, 17 U.S.C. § 501**<br>3)  **Violations of Contract and Public Policy; Cal. Labor Code § 2870**<br>4)  **Interference with Contractual Relations**<br>5)  **Interference with Prospective Economic Advantage**<br>6)  **Unlawful and Unfair Competition, Cal. Bus. & Prof. Code § 17200** *et. seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tavershima Shande, by and through his counsel, alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. §§ 501 and 512, as well as 28 U.S.C. §1331 and 28 U.S.C. §1338(a), in that it involves questions arising

1
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES

under federal copyright law. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same common nucleus of material facts as plaintiff's federal claims. The federal and state law claims are so intertwined that it is appropriate for the Court to exercise jurisdiction over the state law claims set forth herein.

## PARTIES

2. Plaintiff Tavershima Shande ("Shande"), is a resident of Burlingame, California.

3. Defendant Zoox, Inc. ("Zoox") is a Delaware corporation which has its principal place of business in Foster City, California.

## VENUE AND INTRADISTRICT ASSIGNMENT

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1400(a) in that defendant resides in or conducts business within this district. Further, venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events which are the subject of this action occurred within this district.

5. Pursuant to Local Rule 3-2, a substantial part of the events which give rise to the instant claim occurred in San Mateo County.

## GENERAL ALLEGATIONS

6. Between January 2017 and March 2022, Shande was employed by Zoox as a Staff Technical Artist. In that role, he created digital street scenes using Zoox-supplied software for use in training Zoox's autonomous vehicles to navigate an urban environment.

7. During that period, Shande separately created digital videogame content (the "Content") on his own time, using his own equipment and software, which drew upon imagery in the public domain. No Zoox intellectual property, imagery or other material belonging to the company was utilized in creating the Content, which is well outside the scope of Zoox's business, actual or potential. Shande

registered his copyright in the Content with the United States Copyright Office on October 5, 2022, Registration No. PA 2-381-051. As the owner of the copyright in the Content, Shande sold and distributed it to customers on the Unreal Engine marketplace, which is owned by Epic Games, Inc. ("Epic"), where other similar works are sold.

8. Before seeing the Content, Zoox demanded that Shande refrain from selling or distributing it to others, asserting that the company was entitled to prevent him from creating digital urban scenery in his spare time, regardless of how unrelated it was to his work at Zoox or which cities were depicted.

9. Shande explained to his superiors, up to and including the company CEO, that the Content contained no material whatsoever belonging to Zoox or relating to autonomous vehicles. He further offered to go over the Content in detail with them to demonstrate that it did not represent a threat to, or impinge upon, the company's business. Zoox declined this offer, and instead issued an ultimatum: either halt all sales of the Content or the company would treat his refusal to do so as a *de facto* resignation from Zoox. Shande rejected this demand as both unlawful and unreasonable, at which point Zoox terminated his employment.

10. Shortly thereafter, Zoox submitted a take-down notice to Epic for the Content under 17 U.S.C. § 512. In that notice, Zoox falsely communicated to Epic that the Content infringed upon images embedded in its autonomous vehicle software which Shande had helped create as part of his employment with Zoox. Pursuant to statute, Epic temporarily suspended sales of the game, at which point Shande submitted a counter-notice disputing Zoox's take-down notice. At that point, Zoox had ten business days to file a copyright infringement suit challenging the counter-notice. When it failed to do so, Epic restored the Content for sale on its site.

11. Zoox was apparently dissatisfied with this statutorily-mandated outcome, and sought to circumvent 17 U.S.C. § 512 by other means. During the next several months, it prevailed upon Epic to

permanently remove the Content from its site, again under false pretenses and without giving Shande an opportunity to respond to its contentions.  On information and belief, these false and misleading statements included representations that:  (1) Shande used knowledge and skills he acquired at Zoox to create the Content; (2) that he began selling the Content on the Unreal Engine marketplace only after his employment with Zoox had concluded; (3) that the Content is owned by Zoox under the work-made-for-hire doctrine under federal copyright law; (4) that copyrightable material created by Shande during non-work hours belongs to Zoox as a matter of law because graphic artists such as Shande have no "after hours" in which to create works of their own; and (5) that Epic was potentially liable under applicable law as a contributory infringer for not removing the Content from its marketplace.

12.  When Shande requested an explanation from Epic about what had occurred, the latter referred him to Zoox's counsel while expressing a willingness to restore the Content to its marketplace if the dispute between Zoox and Shande could be resolved.  Epic also mentioned that, apparently at Zoox's instigation, payments for the Content already received by Epic from Shande's customers would be refunded to the latter, and that an equivalent sum would be withheld from the proceeds of other product sales made by Shande on the Unreal Engine marketplace until all amounts Shande had received for the Content had been offset.  These steps were taken without Shande's permission or approval.

### FIRST CAUSE OF ACTION

### (Declaratory Relief)

13. Shande repeats the allegations contained in paragraphs 1 through 12 above by incorporation and reference as if they were fully set forth herein.

14. An actual controversy has arisen and now exists between Shande and Zoox with respect to the parties' respective rights regarding ownership of the Content, including with regard to Zoox's contention that the Content belongs to it as a work-made-for-hire under 17 U.S.C. § 101, as well as

regarding the propriety of Zoox's actions in seeking to prevent Shande from selling or distributing the Content.

15. A judicial declaration is necessary and appropriate at this time, under the circumstances, in order to ascertain the parties' legal rights and duties concerning the Content, as well as with respect to Zoox's efforts to halt its sale and distribution on the Unreal Engine marketplace. Shande has been, and will be, irreparably harmed by any further delay or uncertainty over such rights and duties.

## SECOND CAUSE OF ACTION

### (Violation of 17 U.S.C. § 512)

16. Plaintiff repeats the allegations contained in paragraphs 1 through 15 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

17. Zoox knowingly and materially misrepresented to Epic that the Content infringed imagery contained in Zoox's autonomous vehicle software. In response, Epic temporarily suspended access to the Content on its site, depriving Shande of proceeds from such sales. By statute, such a take-down notice may be submitted only based upon a good faith belief that the material in question is infringing.

18. Shande has incurred damages, costs and attorneys' fees as a result of Zoox's knowingly false representations to Epic.

## THIRD CAUSE OF ACTION

### (Infringement of Exclusive Copyright Interest, 17 U.S.C. § 501)

19. Plaintiff repeats the allegations contained in paragraphs 1 through 18 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

20. By asserting ownership of the Content and contending that Epic's sale of the Content violated Zoox's intellectual property rights, Zoox coerced Epic into permanently suspending sales of the Content. In so doing, it effectively usurped Shande's exclusive right to distribute copies of his copyrighted work under 17 U.S.C. § 106(3) and to authorize such distribution. Zoox thereby infringed upon Shande's

exclusive rights in the Content, within the meaning of 17 U.S.C. § 501. On information and belief, Epic would not have suspended sales of the Content but for Zoox's actions as set forth herein.

21.   Because the Content does not contain any copyrightable material belonging to Zoox, Shande was fully entitled to offer it for sale on the Unreal Engine marketplace.  Zoox's false allegations of ownership and infringement have deprived Shande of the ability to sell the Content on the primary marketplace where potential customers shop for such material.

22.   As a proximate result of Zoox's actions, Shande has suffered and will continue to suffer irreparable harm in the absence of judicial intervention.  Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

23.   As a further proximate result of Zoox's misconduct, Shande has incurred and will continue to incur damages, costs and attorneys' fees in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(Violations of Contract and Public Policy; Cal. Labor Code § 2870)**

24.   Plaintiff repeats the allegations contained in paragraphs 1 through 9 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

25.   Zoox's claim that the Content belongs to it violates both the terms of its intellectual property agreement with Shande and Cal. Labor Code § 2870.  The latter statute, which is expressly referenced and incorporated into Zoox's Employee Proprietary Information and Invention Assignment Agreement, precludes employers in California from requiring their employees to assign inventions which are created on their own time, using their own equipment, supplies, facilities and information, as long as the invention does not come within the scope of the employer's business, actual or potential. Section 2870(b) expressly states that any agreement transgressing these limits "is against the public policy of this state and is unenforceable."

26. Shande created the Content on his own time, using his own equipment and without utilizing any Zoox material or technology. The Content falls well outside of Zoox's work in the autonomous vehicle industry and did not result from Shande's work for Zoox.

27. As a proximate result of Zoox's efforts to prevent the sale or distribution of the Content on the Unreal Engine marketplace, Shande has suffered and will continue to suffer irreparable harm in the absence of judicial intervention. Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

28. Additionally, Shande has incurred and will continue to incur general and special damages as a result of Zoox's actions, in an amount to be proven at trial.

29. Zoox's conduct as alleged herein was egregious and carried out with willful and conscious disregard of Shande's rights and, hence, was oppressive and malicious. Shande is accordingly entitled to recover punitive damages.

## FIFTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations)

30. Plaintiff repeats the allegations contained in paragraphs 1 through 9 and 25 through 29 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

31. At all times pertinent hereto, Zoox knew that Shande had entered into a valid and binding contract with Epic for the sale and distribution of the Content and other material which had the likelihood of economic benefit for Shande.

32. By coercing Epic to suspend sales of the Content, Zoox interfered with Shande's ability to reap the contractual benefits from such sales. Such acts included misrepresenting that Zoox held a copyright interest in the Content. On information and belief, Zoox insisted that Epic withhold sums

from Shande in order to reimburse customers who had previously purchased the Content, further interfering with Shande's contractual relationship with Epic.

33. As a consequence of Zoox's aforementioned actions, Shande's contractual relationship with Epic has been disrupted.

34. As a further proximate result of Zoox's acts of interference, Shande has suffered, and will continue to suffer, irreparable harm in the absence of judicial intervention. Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

35. Additionally, Shande has incurred and will continue to incur general and special damages as a proximate result of such acts of interference, in an amount to be proven at trial.

36. Zoox's conduct as alleged herein was egregious and carried out with willful and conscious disregard of Shande's rights and, hence, was oppressive and malicious. As a result, Shande is entitled to recover exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

**(Intentional Interference With Prospective Economic Advantage)**

37. Plaintiff repeats the allegations contained in paragraphs 1 through 9 and 25 through 29 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

38. At all times pertinent hereto, Zoox knew that Shande's relationship with Epic had the likelihood of economic benefit for Shande.

39. By coercing Epic to suspend sales of the Content, Zoox interfered with Shande's ability to reap the benefits of his prospective economic relationship with Epic as well as with prospective customers. Such acts included misrepresenting that Zoox owned a copyright interest in the Content. On information and belief, Zoox insisted that Epic withhold sums from Shande in order to reimburse

customers who had previously purchased the Content, further interfering with Shande's prospective economic advantage with Epic as well as with potential customers.

40. The aforementioned acts were independently wrongful in that they violated, *inter alia*, Cal. Labor Code § 2870. They also were defamatory, in violation of Cal. Civ. Code § 44 et. seq., and constituted unlawful, unfair or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code § 17200 et. seq.

41. As a consequence of Zoox's illicit actions as set forth above, Shande's prospective economic advantage with Epic and potential customers has been disrupted.

42. As a further proximate result of Zoox's acts of interference, Shande has suffered, and will continue to suffer, irreparable harm in the absence of judicial intervention. Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

43. Additionally, Shande has incurred and will continue to incur general and special damages as a further proximate result of such acts of interference, in an amount to be proven at trial.

44. Zoox's conduct as alleged herein was egregious and carried out with willful and conscious disregard of Shande's rights and, hence, was oppressive and malicious. As a result, Shande is entitled to recover exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

**(Violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*)**

45. Plaintiff repeats the allegations contained in paragraphs 1 through 9 and 25 through 29 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

46. Zoox's acts constitute unlawful, unfair or fraudulent business practices within the meaning of California Business and Professions Code § 17200 *et. seq*. Among other things, Zoox's false and misleading representations were intended to, and did, induce Epic to rely upon the inaccuracies contained

therein when deciding whether to accede to Zoox's demand that Epic remove the Content from the Unreal Engine marketplace.

47. Shande has been irreparably damaged by such unfair business practices, and will continue to suffer irreparable injury in the absence of judicial intervention. Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

48. Shande is, further, entitled to restitution of any and all gains, profits and advantages obtained by Zoox as a result of the aforementioned misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Shande prays for judgment against Zoox as follows:

1. For declaratory relief;

2. For temporary, preliminary and permanent injunctive relief;

3. For general and special damages, as well as restitution, according to proof at trial;

4. For pre- and post-judgment interest thereon;

5. For statutory and punitive damages;

6. For attorneys' fees and costs of suit pursuant to statute; and

7. For such other and further relief as the court deems just and proper.

Dated: January 3, 2023                CHAUVEL & GLATT, LLP

/s/
By: _____
Kenneth M. Weinfield
Attorneys for Plaintiff Tavershima Shande

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any issue herein triable of right by a jury.

Dated: January 3, 2023          CHAUVEL & GLATT, LLP

                              /s/
                    By: _____
                         Kenneth M. Weinfield
                    Attorneys for Plaintiff Tavershima Shande