KENNETH M. WEINFIELD (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689
EMAIL:  ken@chauvellaw.com

Attorneys for Plaintiff Tavershima Shande

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVERSHIMA SHANDE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOOX, INC, a Delaware corporation,<br><br>Defendant. | Case No. 3:22-cv-05821-BLF<br><br>**OPPOSITION OF PLAINTIFF TAVERSHIMA SHANDE TO DEFENDANT ZOOX, INC.'S ADMINISTRATIVE MOTION TO SEAL EXHIBIT 1 TO SPINELLI-MAMO DECLARATION**<br><br>**DATE:**  May 25, 2023<br>**TIME:**   9:00 a.m.<br>**COURTROOM:** 3, 5th Floor<br>**JUDGE:**  Hon. Beth Labson Freeman |

The motion of defendant Zoox, Inc. ("Zoox") seeking to file a generic employee confidentiality and invention assignment agreement under seal is, for lack of a better word, entirely unfounded.  The document in question contains no information that could conceivably be considered confidential, which perhaps explains why Zoox provides this form agreement to prospective employees without informing them of the agreement's ostensibly confidential nature or otherwise limiting its dissemination.

It is unclear why Zoox is asserting that a plain vanilla form agreement constitutes a valuable company secret; its basic terms are in widespread use throughout Silicon Valley, and elsewhere around the country. Their substance, moreover, is described in Zoox's own (unsealed) public filings in this case. The instant administrative motion may perhaps be an attempt to pre-cook a separate, highly disputed issue in the case concerning ownership of widely known information and techniques. Whatever the objective, Zoox's motion comes nowhere close to satisfying well-established requirements with regard to sealing documents in court, and should be emphatically denied.[1]

## DISCUSSION

As Zoox does not deny, judicial records and documents are presumptively open to the public. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To justify filing a document under seal, a party must present "compelling reasons" to do so. *Id.* Here, Zoox has utterly failed to make such a showing.

First, its Employee Proprietary Information and Invention Assignment Agreement ("EPIIAA") contains no confidentiality markings to indicate that the document itself is considered confidential. Nor does Zoox inform recipients of the EPIIAA that they should not disseminate it to others. Declaration of Tavershima Shande in Opposition to Defendant Zoox, Inc's Administrative Motion to Seal Exhibit 1 to Spinelli-Mamo Declaration ¶¶ 2-3. Nor is the content of the EPIIAA at all unique or unknown in the high tech industry. *Id.* ¶ 3. Indeed, the document was provided to Mr. Shande prior to the commencement of his employment with the company. *Id.* ¶ 4.

---

[1] The version of the agreement tendered to the Court by Zoox is, moreover, incomplete. At or about the time it was signed, Mr. Shande provided a detailed list of projects for inclusion in Schedule A; a Zoox executive told him such a list was unnecessary and apparently discarded it. That list bears directly upon Zoox's claim to have been unaware of Shande's outside video game projects at the time he was hired.

Second, Zoox has failed to carry its burden to demonstrate a compelling factual basis – or indeed, any basis whatsoever – for asserting that this generic agreement is confidential. No declaration from a company official detailing the steps taken to keep outsiders from seeing this document – or explaining why Zoox's competitors would benefit from gaining access to a document which all Silicon Valley companies utilize in one form or another – has been provided.

Instead, the sole evidentiary support presented by Zoox on this motion is a conclusory statement from its outside litigation counsel to the effect that the EPIIAA is both "sensitive and confidential" as well as "critical to Zoox's ability to remain competitive in the marketplace for talent." Declaration of Hala Mourad in Support of Defendant Zoox, Inc.'s Motion to Seal ¶ 2. Such a vague, generalized statement about a document's purported sensitivity does not qualify as a "compelling reason" to seal the records in question. *Philips v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 176826 *11 (N.D. Cal. 2016).

While genuinely sensitive business information may be sealed under certain circumstances, *Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616, 633 (N.D. Cal. 2022), Zoox has failed to show that the EPIIAA fits into that category. Not only is it not treated as confidential by Zoox in its ordinary business dealings (Shande Decl. ¶¶ 2-4), its verbiage has been quoted and described by Zoox in communications with third parties and in non-sealed court filings. *See, e.g.,* Exhibit 2 to Declaration of Vincent Spinella-Mamo in Support of Defendant Zoox, Inc.'s Motion to Dismiss First Amended Complaint and Motion to Strike State Law Tort Claims.

## CONCLUSION

In a sense, the instant motion is a microcosm of Zoox's stance on the underlying merits of this case. The company is attempting to claim ownership of video game content which Mr. Shande created on his own time, using his own equipment and utilizing skills he developed during an extensive career

in the video game industry prior to his employment at Zoox.  This video game content: (a) does not contain or reflect Zoox trade secrets; (b) does not reveal anything about Zoox's autonomous vehicle software; and (c) would be of no benefit whatsoever to its competitors.  Yet as is the case regarding this motion, Zoox seems to believe that generally available source material and techniques belong to it and it alone.

For all of these reasons, Mr. Shande respectfully requests that Zoox's motion to seal be denied.

Dated: January 24, 2023                              CHAUVEL & GLATT, LLP

                                                                          /s/
                                                      By: _____
                                                               Kenneth M. Weinfield
                                                      Attorneys for Plaintiff Tavershima Shande