# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TAVERSHIMA SHANDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZOOX, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-05821-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEAL WITHOUT PREJUDICE**<br><br>[Re: ECF 31] |

This action arises from the parties' dispute regarding the rights to digital street scenery ("Street Scenery Content") that Plaintiff Tavershima Shande ("Shande") created while employed by Defendant Zoox, Inc. ("Zoox") as a Staff Technical Artist. In that role, Shande created digital street scenery for use in training Zoox's autonomous vehicles to navigate an urban environment. Shande contends that he created the Street Scenery Content at issue separately from his work at Zoox, without using any Zoox proprietary material or equipment. Shande claims that he had every right to create and sell the Street Scenery Content on his own time, and that Zoox acted unlawfully in interfering with his sale and distribution of the Street Scenery Content. Shande sues Zoox for declaratory relief, copyright infringement, interference with contract, and related claims.

Zoox has filed a motion to seal one of the exhibits it offers in support of its pending motion to dismiss and anti-SLAPP motion directed to the first amended complaint. *See* Mot. to Seal, ECF 31. The exhibit is an Employee Proprietary Information and Invention Assignment Agreement ("EPIIAA") executed by the parties when Shande accepted employment with Zoox. *See* EPIIAA, ECF 31-2. Shande opposes Zoox's motion to seal the EPIIAA. *See* Opp., ECF 34.

Zoox's motion to seal is DENIED WITHOUT PREJUDICE for the reasons discussed below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See* Civ. L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary. *See* Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Zoox offers the EPIIAA in support of its motion to dismiss and anti-SLAPP motion. Because those motions go to the merits of Shande's claims, the compelling reasons standard applies. Zoox asserts that compelling reasons exist to seal the EPIIAA because public disclosure of the EPIIAA would put Zoox at a competitive disadvantage. However, the only evidence provided by Zoox to support that assertion is a declaration of Zoox's litigation counsel, Hala Mourad, who states as follows:

> The terms of Zoox's agreements with its employees, including the EPIIAA, are highly sensitive and confidential. Zoox relies on a team of highly skilled engineers, technical artists, and programmers. Maintaining the confidentiality of the contents of Zoox's employment agreements, including the EPIIAA, is critical to Zoox's ability to remain competitive in the marketplace for talent.

Mourad Decl. ¶ 2, ECF 31-1. Counsel does not offer any factual basis for the conclusory statements that the EPIIAA is "highly sensitive and confidential." Nor does Counsel lay a foundation showing that Counsel is qualified to speak on Zoox's business practices.

2

1  In opposition to the sealing motion, Shande submits a declaration stating that Zoox sent
2  him a copy of the EPIIAA with his job offer, without any indication that the EPIIAA was
3  confidential.  *See* Shande Decl. ¶¶ 2-4, ECF 34-1.  Shande states that, "At no time, whether before,
4  during or after my employment with Zoox, did anyone at the company describe the material in the
5  EPIIAA document as confidential or indicate that it could not be shared outside the company."  *Id*.
6  ¶ 3.  According to Shande, the EPIIAA is a standard form agreement with terms similar to those in
7  comparable agreements used by other tech companies.  *See id.*

8  Courts in this Circuit have found compelling reasons to seal business contracts when
9  necessary to protect specific confidential information like cost and pricing information, customers'
10 identities, or the like.  *See Virun, Inc. v. Cymbiotika, LLC*, No. 8:22-cv-00325-SSS-DFMx, 2022
11 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022).  "However, boilerplate terms, generally
12 applicable contract conditions, and agreed-upon definitions of contract terms are generally not
13 considered sealable."  *Id*.  "Form contracts . . . that do not contain any confidential information
14 may nevertheless be sealed if" their dissemination would create a competitive disadvantage.  *Id*.
15 However, a party's "vague assertion that its competitors could use the information [contained in
16 the Agreements] to unfairly compete with [it]" is insufficient to meet the compelling reasons
17 standard for sealing.  *Id*. (alterations in original).

18 In the present case, the EPIIAA appears to be a form contract, and most (if not all) of the
19 language in the EPIIAA appears to be boilerplate.  *See* EPIIAA, ECF 31-2.  The statements of
20 Zoox's litigation counsel offered to show that the EPIIAA nonetheless is sealable are conclusory
21 and lack foundation.  Accordingly, the Court finds that Zoox has failed to demonstrate the
22 existence of compelling reasons for sealing the EPIIAA that would outweigh the strong
23 presumption in favor of public access to court records.  This ruling is without prejudice to a
24 renewed motion to seal that is more narrowly tailored, if Zoox believes that such a motion can be
25 made in good faith.

26 Zoox's motion to seal is DENIED.  Within 7 days after the date of this order, Zoox shall
27 file the EPIIAA on the public docket, or file a renewed and more narrowly tailored sealing motion,
28 or advise the Court that the EPIIAA is withdrawn (in which case it will not be considered).

3

**III. ORDER**

    (1)    Zoox's motion to seal is DENIED.

    (2)    Within 7 days after the date of this order, Zoox SHALL file the EPIIAA on the public docket, or file a renewed and more narrowly tailored sealing motion, or advise the Court that the EPIIAA is withdrawn (in which case it will not be considered).

    (3)    This order terminates ECF 31.

Dated: March 9, 2023

_____
BETH LABSON FREEMAN
United States District Judge